**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* ROSALIE ALLEN MORGAN,<br><br>Debtor.<br>─────────────────────────<br>ROBERT G. HILLSMAN,<br><br>Appellant,<br><br>vs.<br><br>ROSALIE ALLEN MORGAN,<br><br>Appellee.<br>───────────────────────── | Case No. 3:13-cv-00256-RCJ<br><br>Adv. No. 12-ap-05066-BTB<br><br>Bankr. No. 12-bk-51208-BTB<br><br>**ORDER** |

Plaintiff/Appellant Robert G. Hillsman filed an adversary proceeding in the Chapter 7 bankruptcy case of Debtor/Defendant/Appellee Rosalie Allen Morgan, listing two claims for non-dischargeable debt under 11 U.S.C. § 523(a). The bankruptcy judge granted a motion to dismiss with prejudice after a hearing. Appellant field an appeal but did not file a designation of record on appeal or a statement of issues. On November 11, 2013, the Court ordered Appellant to file an opening brief within fourteen days. He did not do so and has yet filed no opening brief. Appellee moved to dismiss for the first reason and moved for summary judgment for the second reason. Appellant did not timely respond to either motion, so the Court granted them. *See* L.R. Bank. P. 8070(a).

Appellant has now moved for relief from judgment for excusable neglect under Rule 59(e) or 60(b)(1). Appellant argues that the Clerk of the Bankruptcy Court directed him to file the designation of record on appeal and statement of issues with the Clerk of the Bankruptcy Court within fourteen days of the Notice of Appeal, and that he complied, but that the Clerk of the Bankruptcy Court delayed forwarding those documents to the Clerk of the District Court because certain transcripts had not yet been filed. Appellant notes that the Clerk of the Bankruptcy Court certified the record for transfer on August 27, 2013, but that the Clerk of the District Court never requested transfer. Also, Attorney Bowler notes that he left his prior law firm on August 31, 2013 and unintentionally neglected to update his contact information with the Court, the present case being his only case in this Court for the last few years. He only received notice of the Court's order in this case because it was also entered into the docket of the adversary proceeding, and he had updated his address in the Bankruptcy Court. That is why Appellee failed to respond to the previous motions in this Court or to file an opening brief—Appellee's attorney had not received copies of the motions or the minute order setting the briefing schedule.

The Court agrees that Appellant's neglect is excusable under the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Appellant will not be prejudiced by a reopening of the appeal for a determination on the merits; the delay is minimal; the reason for the delay was administrative neglect, not tactical; and there is no indication of bad faith. The Court will therefore vacate its previous order and reset the briefing schedule.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Order (ECF No. 8) is VACATED, and the Clerk shall reopen the case.

IT IS FURTHER ORDERED that Appellant shall have fourteen (14) days from the entry of this Order into the electronic docket to file and serve an opening brief, Appellee shall have fourteen (14) days thereafter to file and serve an answering brief, and Appellant shall have fourteen (14) days thereafter to file and serve a reply brief.

IT IS SO ORDERED.

Dated this 2nd day of June, 2014.

_____
ROBERT C. JONES
United States District Judge