**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* ROSALIE ALLEN MORGAN,   )<br>                                                           )<br>              Debtor.                               )<br>_____ )<br>                                                           )<br>ROBERT G. HILLSMAN,                   )<br>                                                           )<br>              Plaintiff–Appellant,          )<br>                                                           )<br>      vs.                                                )<br>                                                           )<br>ROSALIE ALLEN MORGAN,           )<br>                                                           )<br>              Defendant–Appellee.       )<br>_____ )| Bankr. No. 12-bk-51208-BTB<br><br>Adv. No. 12-ap-05066-BTB<br><br>3:13-cv-00256-RCJ<br><br>**OPINION AND ORDER** |

This is an appeal of the dismissal of an adversary complaint, as amended, seeking a determination of nondischargeability of debt in a Chapter 7 bankruptcy case pending in this District. The Court has jurisdiction under 28 U.S.C. § 158(a). For the reasons given herein, the Court affirms the order of the bankruptcy court and denies fees and costs to Appellee.

**I.      FACTS AND PROCEDURAL HISTORY**

In September and October 2006, Plaintiff–Appellant Robert Hillsman gave Debtor–Defendant–Appellee Rosalie Morgan a loan totaling $745,000 represented by three promissory notes. (*See* Am. Compl. ¶¶ 21–26, Apr. 11, 2013, ECF No. 24 in Case No. 12-ap-5066). He gave her the loan so that she could purchase and develop certain coastal island

property in Texas on which she anticipated gambling would soon be legalized, causing the value to increase. (*See id.* ¶¶ 12–15). She represented to him that she had commitments from buyers to sign pre-purchase agreements, and she represented via a financial statement that her net worth was nearly $7 million. (*See id.* ¶¶ 19–20). Part of the loan was originally due on November 25, 2006, and part of the loan was originally due on January 4, 2007, but the parties agreed in writing to extend the due date for the entire loan to May 31, 2007, based on Defendant–Appellee's representations that she had substantial assets and that she expected to receive the pre-purchase funds from her investors, as well as conventional financing, soon. (*See id.* ¶¶ 32–36). Defendant–Appellee failed to repay the loan by the extended due date, although she eventually made a $300,000 payment. (*See id.* ¶ 37). Additionally, Defendant–Appellee has failed to pay Plaintiff–Appellant for his consulting services under a September 2006 contract. (*See id.* ¶¶ 10–11, 38). Plaintiff–Appellant claims $445,000 plus interest under the loan and at least $300,000 under the consulting contract. (*See id.* ¶¶ 37–38).

Plaintiff–Appellant brought the present adversary proceeding after Defendant–Appellee filed for Chapter 7 bankruptcy protection in May 2012. The Amended Complaint ("AC") lists three core claims for nondischargeability under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(4). The bankruptcy court dismissed for failure to state a claim under Rules 8 and 9, and because the debt was not established pre-petition. Plaintiff–Appellant appealed. Defendant–Appellee has asked for fees and costs.

## II. STANDARD OF REVIEW

The bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

### III. ANALYSIS

The Court needn't examine the merits of the claims to affirm, because the bankruptcy court was correct that the alleged debt was not established pre-petition, and that the relevant state statute of limitations prevents such an action now, even if debt could be established post-petition for the purposes of § 523. State statutes of limitations on actions for fraud have no bearing on § 523 claims simply because § 523 claims also touch upon the issue of fraud. *Banks v. Gill Distribution Ctrs., Inc.*, 263 F.3d 862, 867–69 (9th Cir. 2001) (Hagen, J.). A creditor such as Plaintiff–Appellant here may file a state law claim on the promissory notes, e.g., for breach of contract, and then maintain a § 523 action in a bankruptcy proceeding so long as the claim involves fraud under the meaning of § 523, regardless of whether fraud is an element of the state law claim, whether the state law claim is reduced to judgment before the § 523 claim is filed, or whether the statute of limitations on a state law fraud claim has run, so long as the § 523 claim is otherwise timely under the bankruptcy code and rules, i.e., the underlying debt has been established pre-petition. *See id.* Here, however, there is no allegation that Plaintiff–Appellant has ever filed any state law breach of contract claim on the loan, whether in state court or in an adversary proceeding under § 1334(b), so he did not "establish" his debt pre-petition under even the more permissive view of *Banks*, and the six-year statute of limitations to file such a claim has now run,[1] even if the Court were to extend *Banks* and rule that a creditor may file an action *post*-petition to establish a § 523 claim so long as the state law statute of limitations on an action to establish a claim that would qualify under § 523 had not yet run. Plaintiff therefore cannot prevail on any state law claim on the loan, even if the bankruptcy court were to permit a post-petition suit to establish it. Because Plaintiff–Appellant's debt was not "established" pre-petition, and because the six-year statute of limitations to establish it has run, the bankruptcy

---

[1] Plaintiff alleges that Defendant–Appellee failed to honor the notes when due (as extended) on May 31, 2007. (*See* Am. Compl. ¶¶ 36–37). That was more than six years ago. *See* Nev. Rev. Stat. § 11.190(1)(b).

court was correct to dismiss the § 523 claims, *see In re Gergely*, 110 F.3d 1448, 1453–54 (9th Cir. 1997), and to limit Plaintiff–Appellant to asserting garden-variety claims in the bankruptcy case based on the notes.[2]

Finally, the Court must address whether the appeal was frivolous. If so, it should grant Defendant–Appellee's motion for fees and costs under Bankruptcy Rule 8020.[3] The Court finds that the appeal was not frivolous. Although the bankruptcy court reached the correct result, Plaintiff–Appellant is in fact correct that the bankruptcy court erred in ruling that the state statute of limitations for fraud was relevant to his § 523 claim. Plaintiff–Appellant then made a non-frivolous argument for the Court to interpret or expand the holding of *Banks* to permit a § 523 claim so long as it is made within the state statute of limitations governing the underlying civil claim, *even if the civil claim is brought post-petition*. The Court has rejected this argument, both because it does not believe the Court of Appeals would interpret "established" to include post-petition claims and because the Court believes that at a minimum the Court of Appeals would require such a claimant to actually bring the underlying claim, whether in state court or in an adversary proceeding, and Plaintiff–Appellant did not do that here, but the Court cannot say the argument for an expansive reading of *Banks*, or an extension of it, was frivolous, particularly as the relevant points of law are complex and not clearly settled in their contours.

Next, the appeal might still have been frivolous if there was no non-frivolous argument against the rulings that the claims failed on the merits. The bankruptcy court correctly dismissed the second claim under § 523(a)(4) on the merits, and the claim is probably frivolous. Only relationships having the traditional characteristics of express trusts (whether created under the

---

[2]The Court does not via this Opinion mean to preclude the bankruptcy court's consideration of a future motion to reconsider in that court if Plaintiff–Appellant were to adduce evidence of having filed a pre-petition action on the notes in state court.

[3]Defendant–Appellee requests fees and costs under Appellate Rule 38, but Bankruptcy Rule 8020 is the appropriate rule in this context.

common law or by statute) at the time of the transfer of the disputed *res* implicate a fiduciary relationship under the meaning of § 523(a)(4), not arms-length relationships or even fiduciary relationships arising as a matter of law due to some later malfeasance, i.e., constructive or resulting trusts. *In re Hemmeter*, 242 F.3d 1186, 1189–90 (9th Cir. 2001). At issue here is an arms-length loan transaction wherein the parties negotiated and arranged the contours of their rights and responsibilities, not a traditional trust-like relationship such as a partnership. *See In re Utnehmer*, 499 B.R. 705 (B.A.P. 9th Cir. 2013); *In re Hemmeter*, 242 F.3d at 1190. The loans in this case are simply promissory notes, and there is no separate agreement that might indicate an intent to enter into anything like a partnership under Texas or Nevada law.[4] The Court therefore affirms the dismissal of the second claim for failure to state a claim.

Although the appeal of the second claim on the merits was probably frivolous, the Court does not believe it was frivolous to appeal the dismissal of the first and third claims on the merits. Plaintiff–Appellant has arguably sufficiently identified the who, what, where, and when of the alleged fraudulent statements and representations under the § 523(a)(2)(A) and (B) claims in paragraphs twelve through twenty-one and thirty-four through thirty-six of the AC and the documents attached thereto and incorporated thereby. The Court has examined the AC closely enough to determine that it is not frivolous to argue that the first and third claims are sufficiently pled under Rule 9(b). Because Plaintiff–Appellant made non-frivolous arguments to expand *Banks* to allow the claims, and because it is not beyond reasonable dispute that the first and third claims were sufficiently pled under Rule 9(b), the appeal was not frivolous. Nor are fees and costs appropriate under 28 U.S.C. §§ 1912, 1927 or under the Court's inherent powers.

///

---

[4]Because there is no colorable allegation of any partnership-like relationship, the Court need not determine whether Texas or Nevada law would apply to such allegations if made. It is clear that the litigants were not partners or any other kind of fiduciaries under the meaning of § 523(a)(4).

**CONCLUSION**

IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED.

IT IS FURTHER ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated: This 29th day of July, 2014.

_____
ROBERT C. JONES
United States District Judge